UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL EMMETT NEAL, 185182,

        Petitioner,

v.                                                 CASE NO. 08-13935
                                                 HONORABLE VICTORIA A. ROBERTS

WILLIE O. SMITH,

        Respondent.

_____/

**ORDER**
**(1) TRANSFERRING THE HABEAS PETITION TO THE COURT OF APPEALS**
**AS A SECOND OR SUCCESSIVE PETITION AND**
**(2) DENYING AS MOOT PETITIONER'S MOTIONS FOR**
**FOR APPOINTMENT OF COUNSEL AND FOR RELEASE ON BOND**

Petitioner Carl Emmett Neal has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. He claims that (1) he is actually innocent of the crimes for which he stands convicted and (2) his trial attorney was ineffective due to the attorney's addiction to cocaine. Respondent Willie O. Smith argues in an answer to the petition filed through counsel that the petition constitutes an unauthorized second or successive petition under 28 U.S.C. § 2244(b). The Court agrees. Consequently, the petition will be transferred to the Court of Appeals for a determination of whether the Court may adjudicate the substantive merits of Petitioner's claims.

## I. Background

In 1991, Petitioner was convicted of two counts of second-degree murder, one count of first-degree criminal sexual conduct (CSC), and two counts of felony firearm.

The trial court sentenced Petitioner to life imprisonment for each murder conviction, forty to eighty years for the CSC conviction, and two years for each felony firearm conviction. The Michigan Court of Appeals affirmed Petitioner's convictions, and the Michigan Supreme Court denied leave to appeal on May 27, 1994. Petitioner pursued post-conviction remedies in state court without success.

On February 2, 2001, Petitioner filed his first habeas corpus petition. United States Magistrate Judge Paul J. Komives recommended that the petition be dismissed because it was barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). Former United States District Judge Paul V. Gadola adopted Magistrate Judge Komives' Report and Recommendation as his opinion and dismissed the petition. *See Neal v. Crowley*, No. 00-40443 (E.D. Mich. Aug. 28, 2001) (unpublished). The United States Court of Appeals for the Sixth Circuit subsequently denied a certificate of appealability as to all issues. *See Neal v. Crowley*, No. 01-2658 (6th Cir. Sept. 18, 2002) (unpublished). Petitioner filed the pending petition on September 11, 2008.

## II. Discussion

Petitioner is challenging the same murder, CSC, and felony firearm convictions that he attacked in his first petition, which was dismissed as time-barred. "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). Therefore, the pending petition is a second or successive petition.

"If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court." *Magwood v. Patterson*, __

2

U.S. __, __, 130 S. Ct. 2788, 2796 (2010); see also 28 U.S.C. § 2244(b)(3)(A) (stating that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without prior authorization from the Court of Appeals, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not obtained permission from the Court of Appeals to file a second or successive habeas petition. The Court therefore **ORDERS** the Clerk of the Court to transfer the habeas petition to the Court of Appeals for a determination of whether this Court may adjudicate the substantive merits of Petitioner's claims. Petitioner's motion for appointment of counsel [Dkt. #15] and his motion for release on bond [Dkt. #16] are **DENIED** as moot.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 27, 2010

---

[1] Section 1631 provides that,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

The undersigned certifies that a copy of this document was served on the attorneys of record and Carl Neal by electronic means or U.S. Mail on August 27, 2010.

s/Carol A. Pinegar
Deputy Clerk